EMMA R. BUCHANAN

*v.*

JAMES M. PATERSON et al.

Where a marriage settlement authorizes and empowers the trustee to sell and invest and re-invest the trust property at the direction of the wife, and to pay over the income to her, with a provision that if she survives her husband the trustee is to reconvey the property to her, and it contains no revocation clause, she cannot, during her husband's lifetime, require of the trustee the payment of the proceeds of the sale of the trust property.

Bill for relief.

*Mr. W. B. Guild, Jr.,* for complainant.

*Mr. A. P. Condit,* for defendant Paterson.

THE CHANCELLOR.

By a marriage settlement made by and between the complainant, then a single woman, of the first part, William Paterson, now deceased, of the second part, and Paul Buchanan, of the third part, in contemplation of the marriage then about to take place between the complainant and Mr. Buchanan, she conveyed to Mr. Paterson all her property of every description, as well that which she then had or was entitled to as that which she might at any time or times thereafter, during the contemplated

coverture, in any way acquire or become entitled to in her own right, in trust for her use until the marriage, if it should take place; but if it should not take place, then to be reconveyed to her, and after the marriage in trust during the coverture for her sole and separate use and benefit, and to secure, invest and improve it for her; to sell and dispose of it or any part of it from time to time at and agreeably to her request in writing and not otherwise, and re-invest the proceeds on like request and direction, and collect and receive the income, dividends, interest, rent or other proceeds thereof and pay them over to her from time to time when and as received for her sole and separate use; and in case she should survive her husband, to reconvey and revest the trust property or what may remain of it to and in her, her heirs, executors, administrators or assigns to and for her or their use; and should her husband survive her, to convey the property or what may remain of it according to the directions or appointments which she may give or make by an instrument in the nature of a will, and should she die without having made such instrument then to convey and transfer the property, or what may remain of it, to the living issue of the marriage, and should she leave no issue, then to convey and transfer the property, or what remains of it, to her husband for his benefit for his life, with remainder to her heirs-at-law or those who would have been her next of kin if she had never married. The trustee named in the settlement is dead and another (defendant herein) has been duly substituted in his stead, by deed. The present trustee has sold some of the trust property and has received the purchase-money, which the complainant demands from him, but he declines to pay it over to her, on the ground that to do so would be violative of his trust. This suit is brought for a construction of the settlement on this point, and to compel him to pay over the money. It is quite clear that such a decree cannot be made. The settlement makes no provision for such payment, and it contains no power of revocation whatever. Its provisions are unambiguous. The trustee is to sell and invest, both at her will and request, and to pay over the income to the complainant. In a certain contingency—in case she outlives her husband—he

is to reconvey the property, or what remains of it, to her. If she does not survive her husband it is to go according to her will, if she makes any, but if not, to her children, if any—if none, to her husband for life, with remainder to. her heirs and those who would have been her next of kin if she had not married. To construe this instrument in accordance with her claim, would obviously be to declare it revocable at her will and pleasure, although there is no provision for revocation in it. nor any to be implied therefrom. She declares, indeed, in the bill, that it was with a view to reserving to herself the absolute power of control and disposition of her property that she executed the instrument, and that her object was to place the property in the hands of a trustee who should convey and dispose of it for her at and as she should direct, and pay over the proceeds to her at her direction, but there is no allegation that a provision for revocation was omitted from it by fraud or mistake, nor is the suit brought to rectify the instrument. The sole question is whether the construction which the complainant asks the court to put upon the instrument is the proper one. Clearly it is not. It is to be remarked that this is not an application to enforce the settlement, but to construe it. The bill will be dismissed.